## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

**AGRIPRO WHEAT, A UNIT OF SYNGENTA SEEDS, INC. AND SYNGENTA PARTICIPATIONS, AG,**

      **Plaintiff,**

**vs.**

**CLARENCE VACHE,**

      **Defendant.**

Case No. _____

---

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF
## FOR VIOLATION OF THE PLANT VARIETY PROTECTION ACT

---

Plaintiff AgriPro Wheat ("AgriPro"), for its *Complaint* against Clarence Vache, states as follows:

### STATEMENT OF THE CASE

1.    Clarence Vache sold, offered for sale, or otherwise transferred AgriPro's protected wheat varieties in violation of AgriPro's intellectual property rights pursuant to the Plant Variety Protection Act, as set forth in more detail below.

## JURISDICTION AND VENUE

2.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because one or more of AgriPro's claims arise under the federal laws known as the Plant Variety Protection Act, 7 U.S.C. § 2321 *et seq.*  Further, subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1338, which grants original jurisdiction to district courts over any civil action regarding plant variety protection.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the events giving rise to the claims occurred in this division.

## PARTIES

4.     Plaintiff AgriPro Wheat is a business unit of Syngenta Seeds, Inc. and Syngenta Participations, AG, and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 806 N. 2nd St., Berthoud, Colorado 80513.

5.     Defendant Clarence Vache ("Vache") is a natural person residing at RR 2 Box 126, Randlett, Oklahoma.  Vache sells, or has sold in bulk sales, or otherwise transferred, supplied, or cosigned AgriPro's wheat varieties without authority and in violation of AgriPro's intellectual property rights, as set forth in more detail below.

## FACTS

6.     AgriPro is in the business of producing, marketing, licensing, and

selling wheat in the United States and Canada through a network of license

agreements, business associates, sales representatives, and independent dealers.  In

the course of its business, and only after the investment of substantial research,

time, and expense, AgriPro or its predecessor in licensing interest developed novel

varieties of wheat that have favorable traits, including varieties known and

identified as "Cutter."  The Cutter variety is a hard red winter wheat that provides

excellent yield and forage, excellent drought tolerance, good acid soil and wheat

streak tolerance, good disease resistance, and good milling and baking quality.

7.     The primary purpose of the Plant Variety Protection Act, 7 U.S.C. §

2321 *et seq.* ("PVPA"), is to encourage the research, development, and marketing

of new and beneficial crop varieties by issuing intellectual property rights to those

who breed, develop, or discover such varieties, thereby promoting progress in

agriculture in the public interest.

8.     In order to protect its interest and investment in the novel plant

varieties it develops, AgriPro or its predecessor in interest applied to the United

States Secretary of Agriculture, Plant Variety Protection Office, for protection

under the Plant Variety Protection Act.  The varieties owned or exclusively

licensed by AgriPro include:  AP401 CL, AP502 CL, Benton, Beretta, Big Dawg,

Bradley, COKER 9663, COKER 9543, COKER 9803, Coronado, Crawford, Cutter, Douglas, Dumas, Elkhart, Fannin, Foster, Gibson, Gunner, Hanna, Hondo, Ivan, Jagalene, Knudson, Longhorn, Mallard, Mason, Mitchell, Natchez, Norpro, Ogallala, Patton, Pecos, Platte, Savage, Shelby, TAM 111, Thunderbolt, and Tomahawk.

9.    As but one example, AgriPro's licensed variety known and identified as Cutter is protected under Certificate Number 200200199, issued by the Plant Variety Protection Office on July 2, 2002. On information and belief, the rights violated by Defendant are limited to the Cutter variety.

10.    In connection with all applications made to the Plant Variety Protection Office, AgriPro or its predecessor in interest makes what is known as a "Title V election," which means that all varieties owned by AgriPro may be sold in the United States only as a class of certified seed. All wheat seed products sold by AgriPro or with AgriPro's permission must be accompanied by a seed certification tag that is approved by state seed inspection authorities and AgriPro.

11.    Authorized seed dealers are required to provide notice that AgriPro's varieties are protected by the PVPA. This federal law also mandates that all sales of a protected variety must bear the variety's name. All wheat seed products sold by AgriPro or with AgriPro's permission bear the variety name of the protected seed being sold.

12.    By virtue of AgriPro's interests to and in the various certificates of plant variety protection, AgriPro's proprietary wheat varieties can legally be grown, marketed, licensed, and sold only as a class of certified seed by AgriPro and with AgriPro's permission.

13.    The process of research, development, and marketing of a new plant variety takes at least a decade and costs in excess of one million dollars.  AgriPro recoups this substantial investment at only three discrete stages of the process.  First, AgriPro directly sells "foundation" class seed, and, in the first year of marketing a variety, "registered" class seed.  AgriPro's Stock Seed Associates ultimately grow registered seed and return a royalty to AgriPro as calculated on the amount of certified seed they produce.  The price of registered class seed and of the royalties charged by AgriPro on the resulting certified class seed is based on the cost of development and the limited license that AgriPro grants to the purchaser; these royalties are known in the industry as "technology fees."  The limited license grants the Stock Seed Associate only the right to grow one crop of registered class seed and sell the harvest as certified seed following a rigorous inspection process.  The limited license for certified class seed allows the end farmer to grow only one crop and to sell the harvest as grain for end use such as food processing for flour and bread, subject to a few exemptions.

14.    Defendant diverted crops of certified Cutter variety wheat away from normal grain channels such as mills that produce flour and bread, and instead sold the Cutter wheat as seed wheat to third parties.  Defendant received actual notice of the variety name and actual notice that the Cutter variety is protected under the PVPA.  Despite such notice, Defendant sold AgriPro's protected wheat varieties without legal authority from AgriPro AgriPro's wheat.  Additionally, Defendant dispensed seed to third parties without subjecting the seed to inspection processes intrinsic to the certification process, which is required by Title V.

15.    Defendant acknowledges receipt of notice that the variety was protected under the PVPA laws.  For example, Defendant asserts to its potential customers that the wheat seed is actually one of AgriPro's protected varieties.  This information is given to inform the potential customers of the good reputation and characteristics of the wheat seed and to charge a higher price for the brown-bagged Cutter variety seed wheat than Defendant could otherwise receive for the commercial grain crop intended for food processing.

16.    Defendant's sales to the public are without permission, are unrestricted in any way, and are made with the understanding that the purchaser will plant the product as seed.  Third parties can use the seed released by Defendant in an unrestricted fashion to create exponentially more illegal seed, and then again and again over successive generations to create exponentially more

illegal seed.  For example, just one fifty-pound bag of Cutter seed that yields just forty bushels per acre (a conservative yield estimate) will produce over four million fifty-pound bags of seed in just five generations.  Thus, the ability of seed to reproduce itself with the input of just soil and water creates an extreme potential harm for the unrestricted release of even a small amount of AgriPro's protected wheat seed varieties.

17.     Upon information and belief, Defendant's course of conduct was willfully undertaken with full knowledge and with notice that such activities were in violation of AgriPro's plant variety protection rights.

18.     AgriPro has not granted permission to Defendant to sell, condition, or market any wheat seed varieties, including the Cutter variety.

## COUNT I – INFRINGEMENT OF THE PVPA

19.     Each and every allegation set forth in the above-numbered paragraphs is hereby incorporated by reference just as if it were explicitly set forth hereunder.

20.     Under 7 U.S.C. § 2541 *et seq.*, AgriPro has exclusive legal rights to sell, market, and distribute certain wheat varieties, including the variety specifically known and identified as Cutter, although on information and belief, Defendant's unlawful conduct extends to other wheat varieties owned by AgriPro as well.

21.   Defendant was on actual notice that the seed forming the subject matter of this lawsuit was federally protected by the PVPA as evidenced by the fact that Defendant is marking their brown bags with the variety name and/or marketing his bulk sales by variety name.

22.   Defendant has, without legal authority, infringed AgriPro's rights in violation of 7 U.S.C. § 2541 by selling, marketing, distributing, and dispensing protected varieties without authorization, without restrictions on replanting, and without properly certifying such seed as a class of certified seed in violation of the Federal Seed Act.

23.   Pursuant to 7 U.S.C. § 2564, AgriPro is entitled to damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the unauthorized use made of AgriPro's varieties by Defendant, together with interest and costs.  Further, AgriPro's damages should be increased up to three times the amount determined due to Defendant's full knowledge and notice that such activities constituted infringement.  Pursuant to 7 U.S.C. § 2565, AgriPro is entitled to an award of reasonable attorneys' fees in light of the exceptional circumstances of this case.

24.   Pursuant to 7 U.S.C. § 2563, AgriPro is entitled to have an injunction entered against Defendant to prevent further infringement of AgriPro's rights under the Plant Variety Protection Act, to permit AgriPro to monitor and inspect

Defendant's activities both in the present and in the future for a period of not less than five (5) years, and to ensure that all of AgriPro's wheat varieties now in the custody or control of Defendant are not diverted into the seed market but are instead sold by the Defendant through legal grain channels.

**WHEREFORE**, AgriPro respectfully requests this Court to grant the following relief:

A.   Preliminarily and permanently enjoin Defendant and all successors, assigns, officers, agents, employees, representatives, and all other entities or persons in active concert or participation with Defendant from further infringement of the Plant Variety Protection Act with respect to AgriPro's protected varieties;

B.   Preliminary, until a trial on the merits is completed and resolved, enjoin Defendant from selling their current inventory of wheat as seed but rather to permit Defendant to sell their current grain inventory as grain upon the open market in a commercially reasonable manner after AgriPro has reasonable opportunity to take samples of all wheat offered for sale by Defendant;

C.   Award AgriPro damages, together with interest and costs, in an amount adequate to compensate AgriPro for the infringement of the Plant Variety Protection Act, but in no event less than a reasonable royalty for Defendant's use of Cutter, among other varieties;

D.   Grant trebling of damages awarded for willful infringement of the Plant Variety Protection Act, together with reasonable attorneys' fees;

E.   Award such other relief Plaintiff may be entitled as the Court may deem appropriate.

Dated:  February 2, 2007.


Mark Murphey Henry OBA #20927
HENRY LAW FIRM
P.O. Box 1105
Fayetteville, AR 72702-1105
(479) 695-1330 telephone
(479) 695-1332 facsimile



Douglas J. Shelton, OBA #8159
SHELTON VOORHEES LAW GROUP
7701 S. Western Avenue
Oklahoma City, OK 73139
(405) 605-8800 telephone
(405) 601-0677 facsimile

Attorneys for Plaintiff